Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARMEN LYDIA DAVIS CARRASQUILLO; JIMMY MORALES DAVIS y YARIMIL MORALES DAVIS<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; SECRETARIO DE JUSTICIA Y OTROS<br><br>Apelada | KLAN202500407 | Apelación Procedente del Tribunal de Primera Instancia, Sala de CAROLINA<br><br>Caso Núm.: CA2023CV00680<br><br>Sobre: Caída |
|---|---|---|

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y el Juez Sánchez Báez[1].

Mateu Meléndez, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 8 de mayo de 2025, la Sra. Carmen Lydia Davis Carrasquillo, quien era esposa del Sr. Jimmy Morales Cruz (en adelante, señor Morales), el Sr. Jimmy Morales Davis y la Sra. Yarimil Morales Davis (en adelante, familia Davis o parte apelante) acudieron ante este Tribunal de Apelaciones mediante un *Recurso de Apelación*. En este, nos solicitaron que revoquemos la *Sentencia Parcial* emitida el 4 de marzo de 2025 y notificada el 3 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario). Por virtud del aludido dictamen, el foro primario desestimó con perjuicio la *Tercera Demanda Enmendada* en contra de la Autoridad de Acueductos y Alcantarillado (AAA), por haber prescrito.

---

[1] Mediante OATA-2025-074 del 12 de mayo de 2025 se designa al Juez Sánchez Báez en sustitución del Juez Figueroa Cabán por este dejar de ejercer funciones como Juez del Tribunal de Apelaciones.

Número Identificador

SEN2025 _____

Estudiado el legajo apelativo, conforme el derecho más adelante consignado, resolvemos **confirmar** la *Sentencia* apelada.

I.

El 7 de marzo de 2023, la parte apelante presentó una *Demanda* en daños y perjuicios en contra del Municipio Autónomo de Carolina (Municipio), MAPRE/PRAICO Insurance Company, Centro Comercial Plaza Carolina, Sedgwick Claims Managment Services, Inc., Sedgwick Puerto Rico, Inc., Estado Libre Asociado de Puerto Rico (ELA), Hospital Regional UPR Federico Trilla (Hospital), Departamento de Recursos Naturales, sus aseguradoras y las personas naturales o jurídicas cuya negligencia contribuyó a los daños sufridos por la parte apelante.

En esencia, la parte apelante alegó que, el 22 de septiembre de 2022, a las 6:30 pm, el señor Morales salió en su bicicleta desde su residencia ubicada en el Residencial Lagos de Blasina en Carolina hacia el Hospital Federico Trilla. Sostuvo que el señor Morales se dirigía hacia dicho Hospital para recoger un alta y para que le revisaran su brazo, toda vez que le habían removido un yeso. Arguyó que, cuando el señor Morales se encontraba de camino al Hospital sufrió una caída por un precipicio de veinte (20) pies que causó su muerte. Señaló que los demandados eran responsables solidariamente por la negligencia y omisión de no tener iluminación, ni rotulación adecuada que advirtiera del peligro existente en esa zona. Por ello, solicitó daños y angustias mentales.

El 30 de marzo de 2023, la parte apelante enmendó su reclamación a los fines de solicitar la suma de $700,00.00 por concepto de angustias mentales y por la pérdida de un ser querido. Además, incluyó como parte demandada a Servicios Médicos Universitarios. En distintas fechas, las partes demandadas contestaron la *Demanda Enmendada.[2]* En síntesis,

---

[2] El 5 de julio de 2023, Servicios Médicos Universitarios contestó la *Demanda Enmendada.* Así también hizo el centro comercial Plaza Carolina, el 18 de abril de 2024; el ELA, el 29 de abril de 2024, y el Municipio de Carolina con fecha del 20 de mayo de 2024.

negaron la mayoría de las alegaciones y presentaron sus respectivas defensas afirmativas. Particularmente, manifestaron que el accidente ocurrió por negligencia del señor Morales, por lo que no eran responsables de lo ocurrido. En la alternativa, expresaron que el responsable era un tercero.

Así las cosas, el 17 de octubre de 2024, la parte apelante presentó una *Tercera Demanda Enmendada* a los fines de incluir a la AAA como demandada. Allí, esgrimió que el informe pericial preparado en el caso, reveló que en el lugar del accidente había un tubo que pertenecía a la AAA, por lo que estos tenían jurisdicción sobre el área. Así pues, razonó que la AAA les respondía solidariamente junto a los demás codemandados.

El 14 de enero de 2025, la AAA compareció sin someterse a la jurisdicción y sometió una *Solicitud de Desestimación por Prescripción*. En primer lugar, negó que existiera algún tipo de responsabilidad por su parte. De igual forma, adujo que el accidente ocurrió el 22 de septiembre de 2022, por lo que la parte apelante tuvo hasta el 22 de septiembre de 2023, para incluir en la *Demanda* a todos los cocausantes del daño. Enfatizó que la parte apelante no remitió ninguna reclamación- judicial o extrajudicial- hasta la presentación de *la Tercera Demanda Enmendada* el 17 de octubre de 2024 y que a esa fecha ya había transcurrido, un (1) año y un (1) mes de haberse vencido el término prescriptivo.

De la misma manera, en su moción dispositiva la AAA argumentó que, el tubo expuesto mencionado en la reclamación existía en el lugar para la fecha del accidente. Razonó pues, que, si la parte apelante hubiese realizado una investigación diligente de su caso, hubiera conocido que existía dicho tubo, lo que no hizo. Por ello, reclamó que en el caso de epígrafe no existía ninguna justificación para presentar una reclamación en su contra un (1) año y un (1) mes después de vencido el término

prescriptivo. Por todo lo anterior, solicitó la desestimación de la de *Tercera Demanda Enmendada*.

El 4 de febrero de 2025, la parte apelante presentó su *Moción en Oposición a Solicitud de Desestimación por Prescripción*. En síntesis, reclamó la aplicación de la teoría cognoscitiva del daño. A tales efectos, argumentó que, la inclusión de la AAA en el pleito se realizó tan pronto se tuvo conocimiento de su posible responsabilidad, a través del informe pericial. De igual forma, sostuvo que cumplió con todos los requisitos legales para interrumpir el plazo prescriptivo. También, planteó que la AAA era responsable por no tener los cuidados necesarios para que el señor Morales no tuviera acceso al área donde ocurrió el accidente. Por tanto, resaltó que la *Tercera Demanda Enmendada* no estaba prescrita, puesto que actuaron con diligencia al incluir a la AAA. El 10 de febrero de 2025, la AAA presentó *Réplica a Oposición de Desestimación por Prescripción*. Mientras que el 11 de febrero de 2025, la parte apelante presentó *Dúplica a Réplica a Oposición a Solicitud de Desestimación por Prescripción*. Ambas partes reiteraron sus respectivas posturas.

Luego de examinar los planteamientos presentados por las partes, el 4 de marzo de 2025, el foro primario emitió *Sentencia*. Allí concluyó que en efecto la causa de acción contra AAA había prescrito y, en consecuencia, desestimó con perjuicio la *Tercera Demanda Enmendada* en contra de esta. En su análisis, el foro primario determinó que, la parte apelante no realizó una investigación diligente de su caso y debió haber conocido que existía un tubo expuesto a la superficie de sobre doce (12) pulgadas de diámetro de la AAA en el lugar. Enfatizó que, el lugar donde cayó el causante era un canal de agua y, desde los inicios del pleito, el Municipio, el centro comercial Plaza Carolina, el ELA, el Hospital y el Departamento de Recursos Naturales negaron tener el control y mantenimiento del lugar. Por todo lo anterior, el TPI concluyó que no podía avalar la teoría de la parte apelante

de que advino en conocimiento de que el causante del daño era la AAA a base de la opinión de su perito. Finalmente, señaló que, bajo la teoría de la opinión de un perito, se derrotaría un planteamiento de prescripción.

En desacuerdo con la determinación, el 14 de marzo de 2025, la parte apelante presentó *Moción Solicitando Reconsideración* en la cual reprodujo los planteamientos relativos a la teoría cognoscitiva del daño. Así, insistió en que no tuvo conocimiento de la posible responsabilidad de la AAA hasta que se realizó la inspección ocular y se preparó el informe pericial. Reiteró que, dicho informe fue necesario para conocer a quién pertenecía el tubo, ayudándole a revelar la existencia, titularidad, conexión y mantenimiento del tubo por la AAA. De igual forma, apuntó que el Tribunal no permitió un descubrimiento de prueba en el caso a los fines de demostrar todas las diligencias que realizaron previo a presentar la *Demanda* para conocer a todos los responsables del daño. En virtud de lo anterior, reiteró que la *Tercera Demanda Enmendada* no estaba prescrita, y que la inclusión de la AAA al pleito se realizó de manera oportuna.

El 7 de abril de 2025, la AAA se opuso a la reconsideración solicitada. Al hacerlo, expresó que, la parte perjudicada no fue diligente con su causa de acción, por lo que no aplicaba la teoría cognoscitiva del daño. Particularmente, apuntó que el accidente ocurrió el 22 de septiembre de 2022, y que no fue hasta el 30 julio de 2024, cuando el TPI llevó a cabo una inspección ocular, que la parte apelante visitó el lugar por primera vez. A su vez, aclaró que el tubo tenía sobre doce (12) pulgadas de diámetro y estaba expuesto a la superficie. Por último, alegó que la parte apelante no utilizó herramientas tecnológicas para observar el lugar de forma aérea, ni remitió pliegos acusatorios al ELA con el propósito de conocer quién era el encargado de mantener el tubo en cuestión. Así pues, razonó que la parte apelante no realizó gestiones que justificaran la presentación de la

reclamación en contra de la AAA un (1) año y un (1) mes después de haberse vencido el término prescriptivo.

El 15 de abril de 2025, el foro primario declaró No Ha Lugar la *Moción Solicitando Reconsideración*. Aun inconforme, la parte apelante presentó el recurso de epígrafe y señaló la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia, Sala Superior de Carolina, al declarar ha lugar la solicitud de desestimación y desestimando la demanda enmendada instada en contra de la AAA por prescripción.

Atendido el recurso, el 13 de mayo de 2025, notificada el 22 de mayo de 2025, emitimos una *Resolución* en la que concedimos a la parte apelada el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B para presentar su alegato. Oportunamente, el 17 de junio de 2025, la AAA presentó su *Alegato en Oposición a Apelación*. Así con el beneficio de la comparecencia de las partes, damos por sometido el asunto y resolvemos.

II.

-A-

La figura jurídica de la prescripción extintiva está regulada actualmente por el Artículo 1189 del Código Civil de Puerto Rico de 2020, 31 LPRA Sec. 8481. Este, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley." Cónsono con lo anterior, el Art. 1536 del Código Civil de 2020, expresa que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". 31 LPRA sec. 10801. Por otro lado, el Art. 1204 del Código Civil 2020, indica que, prescribe por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. 31 LPRA sec. 9496.

No obstante, la prescripción de las acciones puede interrumpirse: (a) mediante la presentación de la demanda judicial; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. 31 LPRA Sec. 9489. Una vez

ocurre la interrupción, el término prescriptivo comienza nuevamente a transcurrir. SLG García-Villega v. ELA et al., 190 DPR 799, 816 (2014). Para que la segunda instancia antes mencionada, o sea la reclamación extrajudicial, surta un efecto interruptor, debe ser una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Meléndez Guzmán v. Berríos López, 172 DPR 1010, 1029 (2008).

De otra parte, es importante señalar que en nuestro ordenamiento jurídico se ha reconocido la teoría cognoscitiva del daño, conforme a la cual, un término prescriptivo comienza a transcurrir una vez el perjudicado conoció o debió conocer que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. Maldonado Rivera v. Suárez y otros, 195 DPR 182, 183 (2016). Igual de transcendental es destacar que quien tenga una causa de acción por daños y perjuicios, deberá interrumpir la prescripción en relación con cada uno de los causantes del daño por separado. *Íd.* Es decir, la presentación oportuna de una demanda contra un presunto cocausante, no interrumpe el término prescriptivo contra el resto de los alegados cocausantes. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 DPR 365, 389 (2012).

-B-

La Regla 10.2 de Procedimiento Civil permite que una parte contra la cual se instó una reclamación presente una moción de desestimación por falta de jurisdicción sobre la materia, falta de jurisdicción sobre la persona; insuficiencia del emplazamiento; insuficiencia del diligenciamiento del emplazamiento; dejar de exponer una reclamación que justifique la concesión de un remedio o (dejar de acumular una parte indispensable. Blasinno Alvarado v. Reyes Blassino, 2024 TSPR 93, al citar a Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 396 (2022) y otros. Al considerar este tipo de escrito, los tribunales tienen que

tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Id.* Así, una demanda será desestimada solo si surge que esta carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar. Entiéndase pues, que los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". Blasinno Alvarado v. Reyes Blassino, *supra*, al mencionar a Cruz Pérez v. Roldán Rodríguez, et al., 206 DPR 261, 267 (2021); González Méndez v. Acción Social et al., 196 DPR 213 (2016), más citas omitidas.

III.

Mediante el recurso de epígrafe, la parte apelante impugna la *Sentencia Parcial* emitida el 4 de marzo de 2025 y notificada el 3 de abril de 2025. Al discutir su único señalamiento de error, alega que el foro primario incidió al desestimar la *Tercera Demanda Enmendada* instada en contra de la AAA por prescripción. Particularmente, esboza que, la inclusión de la AAA en el pleito se realizó tan pronto advino en conocimiento de su posible responsabilidad, por lo que fue diligente al incluir a la AAA en el pleito. Sostuvo que incluyó a la AAA, luego de que se le notificó el informe pericial. A su vez, argumentó que la AAA era responsable del accidente por no tener los cuidados necesarios para que el señor Morales no tuviera acceso al área en donde ocurrió el accidente. Por tanto, resaltó que la *Tercera Demanda Enmendada* no estaba prescrita, puesto que actuaron con diligencia al incluir a la AAA.

Por su parte, la AAA, señala que la parte apelante presentó la reclamación en su contra en octubre de 2024, por lo que la *Tercera Demanda Enmendada* estaba prescrita. Además, sostiene que, si la parte apelante hubiese realizado una investigación diligente de su caso, debió conocer que

existía un tubo expuesto a la superficie de sobre 12 pulgadas de diámetro que pertenecía a la AAA. No obstante, expresa que la AAA no es responsable del accidente ocurrido al señor Morales.

Un examen de la totalidad del expediente nos lleva a concluir que el error imputado por la parte apelante no fue cometido. Un examen minucioso de los distintos escritos sometidos por las partes ante el foro primario, así como de las alegaciones levantadas ante nos, develan que, contrario a lo argüido por la parte apelante en su recurso, no hay circunstancias particulares en el presente caso que le eximieran de interrumpir el término prescriptivo en contra la AAA y, en consecuencia, incluirlo en la *Demanda* en el término provisto por el Código Civil de Puerto Rico 2020.

Según el derecho previamente expuesto, la reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un (1) año. Este plazo comienza a contarse desde que la persona agraviada conoce la existencia del daño y quien lo causó.[3] Cónsono con lo anterior, la teoría cognoscitiva del daño dispone que, un término prescriptivo comienza a transcurrir una vez el perjudicado conoció o debió conocer que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. Maldonado Rivera v. Suárez y otros, *supra*. Igual de transcendental es destacar que quien tenga una causa de acción por daños y perjuicios, deberá interrumpir la prescripción en relación con cada uno de los causantes del daño por separado. *Íd.*

Una lectura de las propias alegaciones de la parte apelante, revela que no procedía enmendar la *Demanda* e incluir a la AAA y que al momento en el que se hizo ya había transcurrido el término prescriptivo de un (1) año. Surge del expediente ante nuestra consideración que los hechos que resultaron en la presentación de la acción de autos ocurrieron el 17 de

---

[3] Véase, el Art. 1204 del Código Civil 2020, *supra*.

septiembre de 2022. No obstante, no fue hasta el 17 de octubre de 2024, que la parte apelante presentó su *Tercera Demanda Enmendada* a los fines de incluir a la AAA, tras la celebración de una inspección ocular celebrada en el caso el 30 de julio de 2024. Ello significa que la parte apelante visitó el lugar de los hechos **por primera vez el 30 de julio 2024**; o sea, un (1) año y nueve (9) meses después de haber ocurrido el accidente que dio vida a su reclamación.

Nos parece que, si la parte apelante hubiera realizado una investigación diligente de su caso, hubiera conocido fácilmente que existía un tubo de doce (12) pulgadas de diámetro expuesto a la superficie que pertenecía a la AAA que pudo atribuir a la muerte de señor Morales. Nótese, que según se desprende de las fotos del lugar que constan en el expediente la existencia del tubo era de fácil constatación, pues era fácil apreciarlo al encontrarse en la superficie del lugar. Por tanto, no nos convence el argumento de la parte apelante al mencionar que no es hasta que se preparó el informe pericial que podía conocer del tuvo y la posible responsabilidad de la AAA.

En virtud de lo antes discutido, colegimos que en el presente caso no existía circunstancia alguna que, a manera de excepción, le permitiera a la parte apelante, presentar la *Tercera Demanda Enmendada*, para incluir a la AAA de manera tardía. Ello, luego de transcurrido el término prescriptivo de un (1) año provisto por el Código Civil 2020. Por ello, concluimos que el error señalado no fue cometido.

IV.

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones